YATES CONSTRUCTION COMPANY, INC., Petitioner v. COMMISSIONER OF LABOR
FOR THE STATE OF NORTH CAROLINA, Respondent

No. COA96-454

(Filed 6 May 1997)

## 1. Labor and Employment § 26 (NCI4th)— OSHA safety regulation—trench excavation—extension of ladder rails above ground

A safety regulation requiring that ladder side rails extend at least three feet above the "upper landing surface" to which the ladder is used to gain access did not apply only to ladders used to access an area of a structure but applied to a ladder used as a means of egress from a trench to the ground at the top of the trench.

**Am Jur 2d, Plant and Job Safety—OSHA and State Laws §§ 34, 35.**

**Construction and application of provision of 29 USCS § 658(a) that OSHA citation "shall describe with particularity the nature of the violation." 48 ALR Fed. 466.**

2. **Labor and Employment § 33 (NCI4th)— trench excavation—ladder rails not extended above ground—serious violation**

Substantial evidence supported findings by the Safety and Health Review Board that a violation of a safety regulation requiring that a ladder used for entry to and egress from a trench extend three feet above the ground created the possibility of an accident and that the substantially probable result would be serious physical injury so that failure to comply with the regulation was a "serious violation" where the safety compliance officer testified that the short ladder forced employees to climb the last couple of feet on the bank of the trench, that employees could be injured by falling while climbing or by causing a cave-in, and that the most likely result of a fall would be fractures.

**Am Jur 2d, Plant and Job Safety—OSHA and State Laws §§ 37, 83, 84, 137; Workers' Compensation § 255.**

**What constitutes "serious" violation under § 17(b) and (k) of Occupational Safety and Health Act of 1970 (29 USCS § 666(b) and (j)). 45 ALR Fed. 785.**

3. **Labor and Employment § 33 (NCI4th)— trench sloping— serious violation**

Substantial evidence supported findings by the Health and Safety Review Board that a violation of a trench sloping regulation created the possibility of an accident and that the substantially probable result would be serious physical injury or death so that failure to comply with the regulation was a "serious violation" where the safety compliance officer testified that failure to follow sloping regulations at this particular site could cause a cave-in of trench walls onto employees, that he observed areas on the trench walls which were "coming down," and that the most likely result from a cave-in would be fractures or death.

**Am Jur 2d, Plant and Job Safety—OSHA and State Laws §§ 37, 83, 84, 137; Workers' Compensation § 255.**

**What constitutes "serious" violation under § 17(b) and (k) of Occupational Safety and Health Act of 1970 (29 USCS § 666(b) and (j). 45 ALR Fed. 785.**

Appeal by petitioner from order entered 13 February 1996 by Judge C. Preston Cornelius in Rockingham County Superior Court. Heard in the Court of Appeals 13 January 1997.

The relevant facts in this case are undisputed. On 21 July 1993, a safety compliance officer with the North Carolina Department of Labor, conducted an inspection of petitioner's excavation site at the intersection of Old Lake Jeannette Road and North Elm Street in Greensboro. During the inspection the officer observed employees entering and standing in the bottom of a trench that measured approximately seven feet, six inches deep, and eighteen feet, six inches wide at the top. Mr. Kissick also observed a ladder in the trench that was used by employees for entry and egress. The top of the ladder was approximately two feet below the level of the ground.

As a result of the inspection, the Occupational Safety and Health Administration (OSHA) issued several citations to petitioner for failure to comply with mandatory federal safety regulations. Petitioner was charged with the following serious violations: failure to protect each employee from cave-ins by properly sloping the excavation wall as required by 29 CFR 1926.652(a)(1), (b)(1)(I), (c) (hereinafter "sloping standard"); failure to perform an inspection of the excavation prior to the start of work by a competent person as required by 29 CFR 1926.650 (hereinafter "competent person standard"); and for using a portable ladder for egress from the trench excavation where the ladder side rails did not extend at least three feet above the upper landing surface as required by 29 CFR 1926.1053(b)(1) (hereinafter "ladder standard"). The sloping standard and competent person citations were grouped together with a penalty of $1,925.00 The ladder standard violation was assessed a penalty of $825.00.

Petitioner contested the violations, and the case was heard before Administrative Law Judge Carroll D. Tuttle of the Safety and Health Review Board on 15 February 1994. On 15 July 1994, an order was entered affirming the sloping standard violation with a penalty of $1000.00, affirming the ladder standard violation with a penalty of $825.00, and dismissing the competent person standard violation.

The Safety and Health Review Board (hereinafter "Review Board") heard petitioner's appeal on 10 March 1995. On 8 August

1995, the Review Board filed an order reversing the order of 15 July 1994 insofar as it reduced the penalty for violation of 29 CFR 1926.652(a)(1) and affirming the order in all other parts. Petitioner appealed, and the matter was heard on 22 January 1996 before Judge C. Preston Cornelius in the Superior Court of Rockingham County. Judge Cornelius affirmed the decision of the Review Board in all respects. Petitioner appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General H. Alan Pell, for the State.*

*Kenneth R. Keller for petitioner appellant.*

ARNOLD, Chief Judge.

Judicial review of OSHA Review Board decisions is governed by the provisions of the Administrative Procedure Act (Article 4 of Chapter 150B). N.C. Gen. Stat. § 95-141 (1993). The Administrative Procedure Act provides that the

court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51 (1995).

[1] Petitioner's first assignment of error addresses the statutory interpretation of the term "upper landing surface" as used in the OSHA ladder standard. Where it is alleged that an agency incorrectly interpreted a statutory provision, this Court applies *de novo* review.

YATES CONSTRUCTION CO. v. COMMISSIONER OF LABOR

[126 N.C. App. 147 (1997)]

*Brooks, Com'r. of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 464, 372 S.E. 2d 342, 344 (1988).

The applicable regulation requires that

[w]hen portable ladders are used for access to an upper *landing* surface, the ladder side rails [must] extend at least 3 feet (.9m) above the upper *landing* surface to which the ladder is used to gain access. . . .

29 CFR § 1926.1053(b)(1) (1996) (emphasis added). Petitioner claims that the term "landing" as used in the above regulation indicates that the standard does not apply to ladders used as means of egress from a trench. Petitioner bases this argument on the statutory interpretation suggested by the dictionary definition of the noun "landing" and an opinion published by the national Occupational Safety and Health Review Commission (hereinafter OSHRC).

Petitioner notes that the term "landing" is defined as "a level part of a staircase (as at the end of a flight of stairs)." *Webster's Ninth New Collegiate Dictionary* 672 (1985). Petitioner claims this definition supports the position that the ladder standard should apply only to ladders used to access an area of a structure. Accordingly, petitioner contends, the standard does not apply to ladders used to provide access to an excavation site. *Sec'y of Labor v. Humbert Sanitary Service, Inc.*, No. 95-1437, 1996 WL 88742, at *10 (O.S.H.R.C. Feb. 21, 1996) (standard inapplicable to ladders used as means of egress from a trench to the upper ground). We find this argument unpersuasive.

At the outset, we note that the interpretation suggested by petitioner is grammatically flawed. Contrary to petitioner's assertion, the word "landing" is not a noun in the context of the OSHA regulation. The term "landing," as applied in the context of the ladder standard, is an adjective that modifies the term "surface." It is used to describe an individual's destination upon exiting the ladder. *See Webster's* 672 ("land" as a verb is defined as "to cause to reach or come to rest in a particular place"). In this case, the "upper landing surface" was the ground located at the top of the trench.

Our interpretation of the phrase "upper landing surface" is consistent with other decisions rendered by OSHRC and other OSHA regulations with regard to the use of ladders. In *Sec'y of Labor v. P.A. Landers, Inc.*, No. 93-2992, 1995 WL 500388 at *3 (O.S.H.R.C. Aug. 7, 1995), the OSHRC ruled that a "portable ladder [that] extended only one foot instead of three feet above the excavation surface" consti-

tuted a serious violation. *See also Sec'y of Labor v. P. Gioioso & Sons, Inc.*, No. 95-0322, 1996 WL 304532 at *7 (O.S.H.R.C. May 24, 1996) (ladder inside trench that extended only twelve inches above street level was properly characterized as serious violation).

Petitioner also suggests that because the OSHA regulations permit other methods of safe entry and egress from trenches, the drafters did not intend that the ladder standard apply to excavations. A careful review of other OSHA regulations that employ the phrase "upper landing surface" with regard to ladders refutes such an inference.

For example, OSHA regulations require that shipyard and long shoring employees are provided safe access when boarding and exiting vessels. 29 CFR § 1915.74; 29 CFR § 1918.23; 29 CFR § 1918.25 (1996). Permissible methods of entry and egress include: ramps, gangways, walkways and ladders. 29 CFR § 1915.74; 29 CFR § 1918.23; 29 CFR § 1918.25. Nevertheless, OSHA regulations provide that "[w]here portable straight ladders are used they shall be of sufficient length to extend at least 36 inches above the *upper landing surface*." 29 CFR § 1918.25 (emphasis added). *See also* 29 C.F.R. § 1915.74 ("when a walkway is impracticable, a . . . ladder, extending at least 36 inches above the upper landing surface . . . shall be provided").

Moreover, the OSHA regulations at issue in this case, with regard to construction, unequivocally state that the ladder standard applies to "the use of *all* ladders, . . . except as otherwise indicated." 29 CFR § 1926.1053(b) (emphasis added). The rules are devoid of any exception for ladders used in excavations. We hold that where portable ladders are used for safe entry and egress from an excavation site, the ladder must extend at least three feet above the ground level where the employee exits the trench.

[2] Next, petitioner argues that even if the ladder standard does apply to excavations, the Review Board erroneously ruled that failure to comply with the regulation was a "serious violation" as defined by N.C. Gen. Stat. § 95-127(18) (1993).

A "serious violation" shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists, or one or more practices, means, methods, operations, or processes which have been adopted or are in use at such place of employment.

*Id.* To establish a serious violation, the Commissioner of Labor must show by substantial evidence that the violation created

(1) the possibility of an accident

(2) the substantially probable result of which is death or serious physical injury.

*Brooks, Com'r of Labor v. Grading Co.*, 303 N.C. 573, 585-6, 281 S.E.2d 24, 32 (1981). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lackey v. Dept. of Human Resources*, 306 N.C. 231, 238, 293 S.E.2d 171, 176 (1982) (citations omitted). We must review the "whole record" in determining whether the evidence supports the Review Board's conclusion that a serious violation was committed. *Id.*

First, we examine the evidence presented that supported "the possibility of an accident." The safety compliance officer testified that the purpose of the ladder inside the trench was to provide safe entry and exit of the trench. He noted that in this case, because the ladder was too short, employees were forced to climb the last couple of feet on the bank of the trench. He testified that employees could be injured either by falling while climbing or by disturbing a "marginal" trench wall and causing a cave-in. In light of this testimony, we find there was substantial evidence to support the conclusion that the possibility of an accident existed.

Next, we consider whether there is sufficient evidence to find that the substantially probable result of a possible accident resulting from a violation of the ladder standard was death or serious injury. The safety compliance officer also testified that the most likely result of a fall from the ladder would be fractures. The Review Board has routinely found that broken bones are serious injuries. *Brooks v. Int'l Minerals & Chemical Corp.*, 3 NCOSHD 393, 397 (RB 1989). We agree that fractures are serious injuries that OSHA regulations are designed to prevent. We hold there is sufficient evidence in the record to support the conclusion that the substantially probable result of an accident resulting from violation of the ladder standard would be serious injury.

[3] Petitioner next argues that there is insufficient evidence in the record to support the conclusion that noncompliance with the trenching standard constituted a "serious violation." We disagree.

To prove a "serious violation" of the trenching standard, the same elements of proof are required as discussed above with regard to the ladder standard. The Commissioner must present substantial evidence that violation of the trenching standard created the possibility of an accident, the substantially probable result of which was death or serious injury. *Grading Co.*, 303 N.C. 573, 585-86, 281 S.E.2d 24, 32.

The compliance officer testified that failure to follow required sloping regulations, given the type of soil at this particular site, could lead to a cave-in of the trench walls onto the employees working inside the excavation. *See Grading Co.*, 303 N.C. at 586, 281 S.E.2d at 32 (Commissioner must present evidence that failure to slope *this* trench created the possibility of accident). The officer testified that he conducted soil tests that indicated that this particular trench, constructed of a loosely compacted soil, would be susceptible to a cave-in if not properly sloped. In addition, he testified that he observed areas on the trench walls which were "coming down." He also testified that the most likely result from a cave-in would be fractures or death.

Petitioner argues that the construction superintendent in charge of the excavation presented testimony that contradicted a finding that a cave-in would result in serious injury. This Court may not substitute "its judgment for the agency's as between two reasonably conflicting views." *Lackey*, 306 N.C. at 238, 293 S.E.2d at 176. Whether or not a cave-in of this particular trench would result in serious injury or death, is a question of fact that is "properly for the Board to decide by exercise of its authority in weighing the conflicting testimony and the credibility of the witnesses." *In re Dailey v. Board of Dental Examiners*, 60 N.C. App. 441, 447, 299 S.E.2d 473, 478, (citations omitted), *rev'd on other grounds*, 309 N.C. 710, 309 S.E.2d 219 (1983). The Commissioner presented sufficient evidence to support the Review Board's conclusion that violation of the trenching standard was serious.

Petitioner's final assignment of error challenges the Review Board's order reversing the hearing examiner's reduction of the penalty for violation of the trenching standard. Petitioner asserts that the order was made upon unlawful procedure. Petitioner cites no authority to support this argument. Therefore the issue is abandoned on appeal. N.C.R. App. P. 28(b)(5).

Affirmed.

Judges COZORT and WYNN concur.